Case 2:20-cv-00281   Document 6   Filed on 12/04/20 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTURO GAITAN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-281 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, Petitioner filed a habeas petition under 28 U.S.C. § 2241 on November 11, 2020, claiming he is not in custody pursuant to a state judgment and the TDCJ is violating his due process rights by keeping him in custody. (D.E. 1 and D.E. 3). Petitioner asserts his 30-year and 5-year sentences ceased to operate on February 27, 2005 and he should have been released on parole or mandatory supervision at that time. For the reasons discussed below, it is recommended that this case be construed as a 28 U.S.C. § 2254 petition[1] and **DISMISSED** prior to service pursuant to the screening provisions of Rule 4 of the Rules

---

[1] While Petitioner filed this case under §2241, his petition should be construed as one under §2254 because he is a state prisoner who is challenging the length of his sentence. While Petitioner claims he is challenging the prison's calculation of his sentence, his argument instead attacks the underlying Texas mandatory supervision and parole statutes and how they apply to sentences. *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (State prisoners who allege they are improperly being denied good conduct credit that would result in their speedier release from prison fall under § 2254) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (§2254 is the remedy for a state prisoner seeking speedier release from imprisonment based on the application of good conduct time) (other citations omitted)).

Governing Section 2254 Cases because it is clear from the Petition and attached exhibits that Petitioner is not entitled to relief.[2]

## I. DISCUSSION

In his petition and attached memorandum of law, Petitioner states he was sentenced to 30-years imprisonment for murder pursuant to Texas Penal Code 12.32(a) (First Degree) on January 12, 1993 in Cameron County, Texas and on January 21, 1996 in Anderson County, Texas to 5-years consecutive imprisonment for possession of a deadly weapon in a penal institution. (D.E. 3, Page 2). The TDCJ lists Petitioner's projected release date as unknown with parole eligibility on February 26, 2000 and a maximum sentence date of August 26, 2027.[3] Petitioner asserts his continued imprisonment violates his due process rights because he has a liberty interest in being released, either to mandatory supervision or on parole. (D.E. 2). Petitioner argues his first sentence expired on February 26, 2000 after he had served 7 ½ years. (D.E. 2, Page 3). He argues his second sentence of 5 years has then been served in full as well. (D.E. 2, Page 3).

---

[2]Rule 4 of the Rules Governing Section 2254 Cases provides authority to summarily dismiss frivolous habeas petitions upon preliminary review, prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254, Rule 4. This power of the district court is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Kiser*, 163 F.3d at 328 (quoting 28 U.S.C. § 2254 Rule 4 Advisory Committee Notes).

[3]Release date and parole eligibility information is available on the TDCJ website by searching for an offender's name. *See* https://offender.tdcj.texas.gov/OffenderSearch/ (last visited December 2, 2020).

Liberally construing Petitioner's pleading, it appears he is relying on Tex. Gov't Code §508.150, which defines how to calculate consecutive felony sentences and parole. (D.E. 3, Pages 3 and 5-7). However, Texas offenders are not entitled to parole and the parole statutes do not operate the way Petitioner contends. Release on parole is entirely speculative and therefore, there is no constitutional expectancy of parole in Texas. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted). As such, an assertion that he was or is being improperly denied parole does not implicate due process or provide a basis for federal habeas corpus relief. *Greenholtz v. Nebraska Penal and Corr. Complex,* 442 U.S. 1, 7-8 (1979) (States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) (There is no liberty interest in obtaining parole in Texas and therefore prisoners "cannot complain of the constitutionality of procedural devices attendant to parole decisions"). Petitioner's sentence did not cease to operate when he became *eligible* for parole. Under Texas law, when an offender receives consecutive sentences, the first sentence ceases to operate "when the actual calendar time served by the inmate equals the sentence imposed by the court." Tex. Gov't Code § 508.150(b)(1). Alternatively, the first sentence ceases to operate "on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence." Tex. Gov't Code § 508.150(b)(2) Texas courts have interpreted this language to mean the sentence ceases to operate when the inmate actually makes parole, not merely when he becomes eligible. *Byrd v. State*, 499 S.W.3d 443, 447 (Tex. Crim. App. 2016).

Petitioner does not allege he has been approved for parole and the TDCJ records referenced above indicate he remains eligible to receive parole, not that he has been approved for it.  Therefore, Petitioner is still serving his initial 30-year sentence for murder pursuant to the 1993 judgment and has yet to begin serving his 5-year consecutive sentence for his 1996 conviction.  Petitioner's argument that his 30-year sentence has been somehow reduced to 7 ½ years is simply without merit.  Becoming eligible for parole consideration does not reduce an inmate's original sentence or entitle that inmate to release.[4]

As to mandatory supervision, Petitioner's argument is also without merit as he is ineligible for release to mandatory supervision.  In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside of the correctional institution under the supervision and control of the pardons and paroles division. *Madison*, 104 F.3d at 768.  Prisoners earn good conduct time credits which are added to their actual days served in prison to calculate their release date to mandatory supervision.  Tex. Gov't § 508.147.  Good time credits do not actually reduce an inmate's sentence, applying only to eligibility for mandatory supervision. *Clay v. Lumpkin*, No. A-19-CV-1241-RP, 2020 WL 5865986, at *3 (W.D. Tex. Oct. 1, 2020) ("As a matter of state law,

---

[4]Petitioner relies on Texas Code of Criminal Procedure Article 42.18 §8(b)(3), which was in effect at the time Petitioner was sentenced, for his argument that his 30-year sentence has been reduced to 7 ½ years. This section provided that a prisoner "is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-fourth of the maximum sentence or 15 calendar years, whichever is less…" However, as stated previously, there is no indication Petitioner has been granted parole. Further, while a prisoner serving a 30-year sentence may become eligible for parole consideration after 7 ½ years, this provision does not reduce that prisoner's original sentence.

good and work time credits apply only to eligibility for parole or mandatory supervision and do not otherwise have any effect on the length of sentence imposed on an inmate) (citations omitted). While the Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program, prisoners who commit certain offenses are ineligible for participation in this program. *Malchi*, 211 F.3d at 957-58; Tex. Gov't Code § 508.149(a). First Degree Murder is an ineligible offense, currently and at the time of Petitioner's conviction. *See* Tex. Gov't Code § 508.149(a)(2). Therefore, as Petitioner is not eligible for release to mandatory supervision, he has failed to state any grounds for federal habeas relief.

Petitioner acknowledges the state court sentenced him to 30-years confinement on his first sentence and 5-years consecutive confinement on his second sentence, and, liberally construing his complaint, he has not shown that any state law somehow lengthened or shortened his sentence or otherwise modified his parole or mandatory release eligibility. As previously stated, he has no constitutionally protected liberty interest to be released before the completion of his entire cumulative sentences. Therefore, the undersigned recommends Petitioner's case be **DISMISSED**.

Respectfully submitted this 4th day of December 2020.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).