United States District Court
Southern District of Texas
**ENTERED**
March 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ARTURO GAITAN, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:20-CV-281 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the petition for writ of habeas corpus filed by Arturo Gaitan (D.E. 1, 3). On December 4, 2020, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 6), screening the case and recommending that the petition be denied. Petitioner timely filed his objections (D.E. 7).

Petitioner claims that his initial 30-year sentence ceased to run on February 26, 2000, after he served seven years and six months of flat time. On that date, he argues, his second, five-year sentence, which was to be served consecutively, began to run and has now expired by its own terms. He therefore claims that he is being held illegally beyond his sentences.

Petitioner's argument is based on a prior Texas Department of Criminal Justice (TDCJ) misinterpretation of Texas Government Code § 508.150, which governs the calculation of sentences when there is more than one sentence and they are ordered to be served consecutively. The TDCJ had erroneously construed § 508.150, which was effective in 1987, as eliminating the earlier sentence once the prisoner had become eligible for parole consideration on that sentence. The TDCJ would then start the

countdown on the second sentence. That is not the proper construction of the statute. Rather, the statute requires that Petitioner must be eligible for *release* on parole, not simply be eligible for *consideration*.

As the Fifth Circuit recounts, the TDCJ realized and corrected its error in 1997, adopting a new regulation that requires the sentences to be evaluated separately and continuing the first sentence unless and until the Board of Pardons and Paroles (BPP) approves parole on the first sentence. *See Moore v. Owens*, 361 F. App'x 587, 590 (5th Cir. 2010) (discussing the history of the error). The current TDCJ interpretation is consistent with the law, which precludes Petitioner's argument that the old TDCJ interpretation is correct. For this reason, the Magistrate Judge rejected Petitioner's argument, as has this Court in previous cases. *E.g.*, *McPherson v. Tex. Bd. of Pardons & Paroles*, 2:20-CV-186, 2020 WL 5506007 (S.D. Tex. Sept. 11, 2020); *James v. Davis*, No. 2:20-CV-040, 2020 WL 2576240 (S.D. Tex. May 21, 2020); *see also*, *Byrd v. State*, 499 S.W.3d 443, 448 (Tex. Crim. App. 2016). Petitioner does not reargue this point.

Instead, Petitioner now asserts two objections that collaterally attack the M&R's conclusions. He argues that interpreting his 30-year sentence as allowing incarceration for more than seven years and six months violates the separation of powers doctrine, and the change in the construction of § 508.150 violates the prohibition against ex post facto laws. Both objections are based on legal arguments that were not first presented to the Magistrate Judge in the complaint and memorandum accompanying the complaint. D.E. 1, 3. Thus, they are improper to the extent that they are raised for the first time in the objections. *Omran v. Prator*, 674 Fed. App'x 353, 355 (5th Cir. 2016) (per curiam). Both arguments are also incorrect on their merits.

**Separation of Powers**.  Petitioner cites the Texas Constitution as the basis for his separation of powers argument:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1.

Petitioner claims that, when he committed the offense and was convicted and sentenced for his first-degree felony, his right to parole after serving one-quarter of that sentence attached.  Tex. Penal Code § 12.32(a); Tex. Code Crim. P. art. 42.18, § 8(b)(3) (now Tex. Gov't Code § 508.150); *see generally, Ex parte Choice*, 828 S.W.2d 5, 8 (Tex. Crim. App. 1992) (en banc) (discussing the legislative changes to art. 42.18, refusing to apply changes retroactively).  Because his right to parole is determined by the BPP, he argues that any effort to apply the law to extend his incarceration beyond that one-quarter mark is a legislative interference with the executive branch.

Petitioner's argument suffers from two major flaws.  First, as the M&R demonstrates, Petitioner has no right to parole at any time.  Granting parole is, and has always been, a matter within the discretion of the BPP.  Petitioner acknowledges the BPP's discretion.  D.E. 7, pp. 1-2 (citing *Ex parte Rutledge*, 741 S.W.2d 460, 463 (Tex. Crim. App. 1987) (en banc) ("The decision to release or not release an inmate of the Texas Department of Corrections, even though eligible for parole, remains within the sound discretion of the Board of Pardons and Paroles."), *abrogated on other grounds by*

*Grimes v. State*, 807 S.W.2d 582 (Tex. Crim. App. 1991). Petitioner cannot base his argument on entitlement to parole—at any particular time.

Second, Petitioner observes that the BPP is a body of the executive branch of state government. *See* Tex. Gov't Code § 508.031 *et seq*. According to Petitioner, any attempt to enforce the 30-year sentence after the parole eligibility date is an interference with an executive decision of the BPP. This is incorrect. As the Fifth Circuit has set out in *Moore*, the law has not changed; the only change is in the TDCJ's interpretation of the law. *Moore*, 361 F. App'x at 587. The change in interpretation was by the TDCJ, which is also part of the executive branch. *See* Tex. Gov't Code § 493.001, *et seq*. There is no violation of separation of powers where an agency in the executive branch changes its policy to conform to a preexisting law.

As properly applied, Petitioner's 30-year sentence requires 30 years of incarceration unless and until the BPP grants him release on parole (or determines that he would be released but for the consecutive sentence)—not when he becomes eligible to be considered for parole. The Court OVERRULES Petitioner's first objection based on the separation of powers provision of the Texas Constitution.

**Ex Post Facto Clause**. Petitioner argues that when the Texas legislature replaced art. 42.18 with Government Code § 508.150, it increased the punishment for his crime in violation of the United States Constitution's prohibition against states enacting ex post facto laws. Art. 1, § 10, cl. 1. For the same reasons discussed above, there has been no ex post facto violation.

Petitioner has been sentenced to serve 30 years unless and until the BPP grants him parole—a privilege, not an entitlement. The enactment of § 508.150 took place in

1987, before Petitioner's crime and conviction. *See* Act of June 19, 1987, ch. 1101, 1987 Tex. Gen. Laws 3750, 3755 (the current version of the statute, codified in 1997, uses materially identical language); D.E. 6, p. 2 (Petitioner's convictions were in 1993 and 1996). No change in the law or its interpretation has increased his punishments of 30-year and 5-year sentences running consecutively. "[A]n agency's misinterpretation of a statute cannot support an ex post facto claim." *Cortinas v. U.S. Parole Comm'n*, 938 F.2d 43, 46 (5th Cir. 1991) (citing *Caballery v. U.S. Parole Comm'n*, 673 F.2d 43, 46–44, 47 (2d Cir.)).

Petitioner's second objections is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the petition for writ of habeas corpus (D.E. 1, 3) is **DISMISSED**.

ORDERED this 4th day of March, 2021.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE